US DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

NOV 15 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Leleux | Civil Action No. 6:11-2157 |
| versus | Judge Richard T. Haik, Sr. |
| Assurance Co. Of America | Magistrate Judge C. Michael Hill |

## JUDGMENT

Before the Court are plaintiffs, Jon Leleux and Paul Leleux's, Memorandum in Support of their Motion For Penalties, Attorney's Fees, and Costs On Verdict [Rec. Doc. 74] and defendant, Assurance Company of America's, Memorandum In Support Of Motion On Recovery Pursuant To La R.S. 22:1892 [Rec. Doc. 73] and Opposition To Plaintiffs' Motion For Penalties, Attorney's Fees And Costs On Verdict [Rec. Doc. 80].

The trial of this matter was conducted before a jury on October 22 and 23, 2012. As provided in the Pre-Trial Order, *R. 39*, the parties agreed that plaintiffs' claims presented mixed questions of law and fact regarding plaintiffs' presentation of satisfactory proof of loss to defendant on July 12, 2011. Specifically, plaintiffs contended that Assurance Company of America's (Assurance) claims adjusters "did not make the payment of $312,607 within thirty (30) days of July 12, 2011," and therefore, Assurance owed plaintiffs penalties under Louisiana Revised Statute

22:1892.[1]  *R. 39; PL. EXH. 38b.*  A second proof of loss compiled jointly by the parties and tendered to Assurance on August 31, 2011 was entered into the record at trial. *R. 39, Joint Exhibit 29a.*  The parties stipulated that ultimately, on September 8, 2011, defendant forwarded to plaintiffs a check in the amount of $412,166.66. *R. 39.* Plaintiffs asserted no specific allegation nor any claim that the additional payment in the September 8, 2011 check, that is $99,509.66 ($412,116.66 minus $312,607), was untimely.  Hence, as agreed by the parties, without objection, the Jury Verdict Form referred only to the "satisfactory proof of loss" "on July 12, 2011."

The jury returned a verdict for the plaintiffs and against defendant finding that (1) Jon and Paul Leleux, provided satisfactory proof of loss to Assurance on July 12, 2011; (2) Assurance failed to make payment to plaintiffs within thirty (30) days of July 12, 2011; and (3) Assurance's payment was arbitrary, capricious or without probable cause.  Following the jury verdict, the Court ordered the parties to submit briefs as to whether the penalties due to the plaintiffs under 22:1892 was on the undisputed amount as of July 12, 2012, $312,607, or on the entire amount of the claim eventually paid, $412,116.66.  The Court further ordered plaintiffs to submit documentation as to the amount of plaintiffs' attorney's fees and costs.  The Court has considered the parties' memoranda as well as the pertinent jurisprudence as follows.

---

[1] While plaintiffs also stated in the Pre-Trial Order "a minimum of $312,607," they asserted no other "undisputed amount" in their claims nor was there evidence at the trial of this matter that there was any other "undisputed amount."

2

*Penalties Owed Under 22:1982*

Plaintiffs contend that the jurisprudence provides that in this case penalties are due on the entire amount of plaintiffs' claim paid by Assurance, $412,116.66. Assurance, on the other hand, contends that 22:1892 as well as the jurisprudence directs that when a partial tender is timely made, the insurer must pay penalties on the untimely amount due, in this case $312,607.00. While both parties cite the same jurisprudence pertinent to the issue before the Court, Assurance's application of the jurisprudence to this case is correct.

Louisiana Revised Statute 22:1892A(1) (formerly Louisiana Revised Statute 22:658) requires all insurers to pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss. Section B(l) of this statute provides, in pertinent part:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor..., when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater,... or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

Because the statute is penal in nature, it must be strictly construed. *See Reed v. State Farm Mutual Automobile Ins. Co.*, 857 So.2d 1012, 1020 (La.2003).

Plaintiffs cite *French v. Allstate Indem. Co.*, 637 F.3d 571, 585 (5th Cir. 2011)

3

in support of their position. In *French*, the trial court found that plaintiffs provided satisfactory proof of loss of their claim to their insurer, Allstate, on October 25 or 26, 2005. On November 4, 2005, Allstate made a timely payment to plaintiffs of $10,000.00 and on December 1, 2005 began making untimely incremental payments which ultimately equaled $215,292.88. At the close of trial, the court held that Allstate owed an additional $123,000 and assessed penalties under 22:1892 on the entire amount of the claim ultimately determined by the court. On appeal, the Fifth Circuit held that Allstate owed penalties on the untimely amount plus the additional amount the trial court found was owed under the policy <u>minus</u> the amount Allstate had timely paid the plaintiffs, $10,000.

While plaintiffs minimize the *French* court's reduction of the penalty in light of the timely paid amount, Assurance notes that the court explained its decision by distinguishing a previous case, *Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 370-71 (5th Cir. 2009). In *Grilletta*, the Fifth Circuit stated that because the insurer "did not pay or tender anything to the Plaintiffs within the statutory deadline," it "was liable for penalties on the entire amount found to be due, without any subtraction for amounts paid." *French* at 590 (quoting *Grilletta* at 371). The court further clarified its holding by discussing *La. Bag Co. v. Audubon Indem. Co.*, 999 So.2d 1104, 1116 (La.2008), in which the insurer "had timely made partial payment." In *Louisiana Bag*, the

4

Louisiana Supreme Court stated, "[a]ny insurer who fails to pay said undisputed amount.... will be subject to penalties therefore on the difference between the amount paid or tendered and the amount found to be due." *Id.* at 1121.

Here, plaintiffs focus only on the fact that Assurance did not make a timely payment of the undisputed amount and move the Court to apply penalties to the payment of the entire claim eventually made by Assurance. Plaintiffs however, never stated nor even implied that the portion of plaintiffs' claim paid by Assurance's September 8, 2012 check for the amount <u>in addition to</u> the undisputed $312,607.00, was undisputed or untimely. Plaintiffs cannot now assert that the total amount owed was either untimely or was an "undisputed amount" subject to penalties.

Accordingly, the Court finds that the amount upon which penalties are owed is the undisputed amount tendered on July 12, 2011, which the jury found was untimely paid, or $156,303.50 ($312,607.00 x 50%).

*Attorney's Fees*

Pursuant to La Rev. Stat. § 22:1892, defendant must pay plaintiff "reasonable attorneys' fees and costs." Plaintiffs seek attorney's fees under the contingency agreement in the amount of 40% of the penalties awarded under 22:1892. Because the Court has found that plaintiffs are entitled to $156,303.50 in penalties, plaintiffs request attorney's fees in the amount of $62,521.40 ($256,303.50 X 40%). The

Louisiana Supreme Court has acknowledged that attorney's fees may be set on a contingency fee basis if the fee is reasonable. *Taylor v. Production Services, Inc.*, 600 So.2d 63, 66 (La.1992). "To qualify as a reasonable and necessary cost of recovery, the fee must relate to necessary services which actually benefitted or augmented recovery from the third person, rather than duplicative services or those designed to benefit a single party such as the mere monitoring of proceedings." *Id.*

Because the fundamental requirement of reasonableness and the factors used under Louisiana law[2] are substantially similar to the federal lodestar method, the Court will use the lodestar analysis to determine a reasonable amount of attorney's fees. The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by the movant's attorney's reasonable hourly billable rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996).

Once the lodestar figure is determined, the court may adjust the figure upward or downward as necessary to make the award of attorney's fees reasonable, while ensuring the fee award does not provide a windfall to the movant. *See Hensley*, 461 U.S. at 429. In deciding whether to make an adjustment to the lodestar figure, courts

---

[2] These factors are derived from Rule 1.5(a) of the Rules of Professional Conduct. *Rivet v. State Dep't of Transp. & Dev.*, 680 So.2d 1154, 1161 (La. 1996).

are instructed to consider the factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). Courts are to give "special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

Recently, in *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct 1662 (2010), the Supreme Court commented that the factors in *Johnson* "gave very little actual guidance to district courts." *Id.* at 1672. The Court noted the "lodestar" approach has "achieved dominance in the federal courts after our decision in *Hensley*." *Id.* Although stating the "lodestar" approach was not perfect, the Court observed "unlike the *Johnson* approach, the lodestar calculation is 'objective,' *Hensley* at 433, and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Id.* at 1672. The Court also emphasized "there is a 'strong presumption' that the lodestar figure is reasonable." *Id.* at 1672.    Plaintiffs have submitted a Contingency Fee Agreement And Authority To Represent executed by all parties on November 7, 2011. *R. 74, Exh. 1*. The Fee Agreement provides that the trial attorney and his partner expended a total of 232.3 hours and that the paralegal logged 20.7 hours. Based on the attorneys' time, including the paralegal's time input at an

hourly rate of $85 per hour, or $1759.50,[3] the attorney's hourly rate is $262.00 per hour ($62,521.40 - $1759.50 = $60,761.90 ÷ 232.3 hours).

Although there is a contingency fee contract in this case, such is not the only basis upon which a court is to determine "reasonable attorney's fees." *Geraci v. Byrne*, 934 So.2d 263, 268 (La.App. 5 Cir.,2006). Rather, the contract is one of the factors used in determining reasonableness. *Id.* The Court must first determine whether the number of hours spent by plaintiffs' counsel was reasonable. Having reviewed the billing statement, the Court finds that counsel, his colleague and his paralegal acted in good faith and their actions were justified. Accordingly, the Court bases its award on the hours set forth in the itemized statements in the record submitted by plaintiffs.

The Court must next determine whether the hourly rate of $262.00 per hour for plaintiffs' counsel and his colleague is reasonable given their ability and experience. Both attorneys in this action are partners in their law firm, each with over 20 years of experience. Recently, in *Covington v. McNeese State University*, --- So.3d ----, 2012 WL 3822119 (La. 3 Cir.,2012), the court held that $265.00 per hour was "extremely reasonable" and a "modest base rate" in southwest Louisiana. *Id.* at *12. Assurance fails to submit any evidence of the rates charged by defense attorneys in the Lafayette

---

[3] The Court finds that $85 per hour is a reasonable hourly rate in 2012 for a paralegal in Lafayette working on a case such as this. *Bellard v. Astrue*, WL 1868796 (W.D.La. 2011).

legal community. The Court finds that $262.00 per hour is reasonable in this case.

In light of the above, the Court finds that the attorneys' fees should be calculated under the Lodestar analysis as follows: 232.3 hours at the reasonable hourly attorney rate of $262.00 plus 20.7 hours at the reasonable hourly paralegal rate of $85.00, for a total amount of $62,521.40 in attorneys' fees, as provided under the contingency agreement.

Assurance argues that the attorneys' hours should be reduced by 44.1 hours. While the jurisprudence makes clear that the lodestar is presumptively reasonable and should be modified only in exceptional cases, the Court will also consider the pertinent *Johnson* factors, as follows. *Migis*, 135 F.3d at 1047.

The attached billing statement shows the extensive work performed by the attorneys over the almost twelve months this matter was pending. In addition to numerous meetings required under the Court's scheduling order as well as the work and appearances required to successfully defend a motion to compel, counsel for plaintiffs traveled out of state at least four times to conduct six discovery depositions, and reviewed over six hundred pages of documents in order to document and successfully prove plaintiffs' case at trial. This matter required knowledge and understanding of the Louisiana Insurance Code. Also, litigation knowledge and experience were necessary to try this case and obtain a favorable verdict. The record

indicates that although plaintiffs' counsel provided much assistance to the plaintiffs during the claim presentation stage, plaintiffs are not requesting the Court make any award for those efforts of their attorney. Plaintiffs' counsel's fee request involves only a contingent amount for the penalties awarded against Assurance rather than for the entirety of the claims. Thus far plaintiffs' counsel has received no payment for his representation. By agreeing to represent the plaintiffs in this action under the arbitrary and capricious standard of 22:1892, counsel for plaintiffs took the risk that he would not receive compensation unless plaintiffs were successful.

Applying the jurisprudential factors, the Court finds that the loadstar requires no adjustment. Accordingly,

**IT IS ORDERED** that plaintiffs' Motion For Penalties, Attorney's Fees, and Costs On Verdict [Rec. Doc. 74] is **GRANTED IN PART** and **DENIED IN PART** in that plaintiffs are awarded penalties in the amount of $156,303.50 and attorney's fees in the amount of $62,521.40.

**THUS DONE AND SIGNED** this 14th day of November, 2012 at Lafayette, Louisiana.

RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE